**UNITED STATES BANKRUPCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case no. 25-01345 |
| | ) | |
| FULLER'S SERVICE CENTER, | ) | Chapter 11 |
| | ) | |
| Debtor, | ) | Honorable Deborah L. Thorne |
| | ) | |
| SEAVER BUSINESS ACQUISITION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. no. 26-00270 |
| v. | ) | |
| | ) | |
| DOUGLAS FULLER, SUSAN GROENEWOLD, | ) | |
| ADAM FULLER, COLIN FULLER, | ) | |
| ETHAN FULLER, AND PAULA FULLER | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Seaver Business Acquisition (Seaver) is the assignee of a Small Business Administration loan guaranteed by Douglas Fuller, Susan Groenewold, Adam Fuller, Colin Fuller, Ethan Fuller, and Paula Fuller (Guarantors). After the SBA loan went into default, Seaver filed a complaint in the Eighteenth Judicial Circuit in DuPage County on February 9, 2026 to collect from the Guarantors. (Dkt. 1). Seaver filed a Notice of Removal in DuPage County on March 11, 2026 and in this court on March 23, 2026. *Id*. The Guarantors filed a Motion for Remand on May 12, 2026 arguing that the Notice of Removal was filed too late and that this court lacked subject matter jurisdiction. The issues have been fully briefed and argued.[1] As explained below, the Notice of Removal was timely filed, this court has "related

---

[1] The Guarantors filed a supplemental response on July 31, 2026 without seeking leave of court to do so. (Dkt. 20) Seaver filed a reply. (Dkt. 21). The court reviewed the supplemental filings and does not believe they add anything of substance to what has previously been filed. The court is striking these pleadings as they were filed without leave of court and will not consider them in this Memorandum Opinion.

to" jurisdiction, and the Guarantors' Motion for Remand was filed outside the required time limit.  The Motion for Remand is denied.

### BACKGROUND

The court made extensive findings of fact in its prior Memorandum Opinion and will only briefly provide the factual background of this dispute for purposes of understanding the history of the Motion for Remand. *See In re Fuller's Serv. Ctr., Inc.*, 675 B.R. 575 (Bankr. N.D. Ill. 2025).  During the COVID-19 pandemic, Fuller's Service Center, Inc. (Debtor) obtained a loan from the Small Business Administration (SBA) totaling $1.9 million.  The defendants guaranteed repayment of the loan. (Dkt. 1, Ex. 3).  The SBA funds "were to be used solely as working capital to alleviate economic injury caused by the COVID-19 pandemic." (Dkt. 1, Ex. 2).  Contrary to its obligations under the SBA note, the Debtor did not use the SBA funds for working capital and instead used the funds to pay off an affiliate's obligation to Heartland Bank, secured by a mortgage on the affiliate's real property. *Id*.  On July 30, 2025, the SBA assigned its note and associated rights to Seaver. (Bankr. Pro. Dkt. 177, Ex. A).

Seaver filed a complaint against the Guarantors on February 9, 2026 in DuPage County, seeking among other things, collection on the guarantees. (Seaver Complaint, Dkt. 1).  *Neither party provided evidence of the when the summons for the state court complaint was served.*[2]  On March 11, 2026, exactly 30 days after the Seaver Complaint was filed, Seaver filed a Notice of Removal in the state court removing the case to the bankruptcy court. (Notice of Removal, Dkt. 1).  It filed a Notice of Removal and other documents previously filed in state court in the bankruptcy court on March 23, 2026, forty-two days after the

---

[2] The court assumes that the DuPage County sheriff did not serve on the date the complaint was filed.  The date the summons was filed is important in determining when the removal was effective under both Title 28 and the Federal Rules of Bankruptcy Procedure.

complaint was filed in state court but an unknown number of days after service of the summons. The Guarantors filed a Motion for Remand on May 12, 2026, arguing that Seaver's Notice of Removal was late because it did not file the notice in the bankruptcy court within 30 days of filing its Complaint.

## A. The statutory authority for removal.

### i. 28 U.S.C. 1446

Section 1446 of Title 28 governs the procedure for the removal of state court civil actions to federal court. Section 1446(a) states that a party "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." 28 U.S.C. § 1446(a). Section 1446(b) requires that the notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Section 1446(d) contains two more requirements for removal and states, "Promptly after the filing of such notice of removal . . . the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal." 28 U.S.C. § 1446(d). Based on 1446(a) and (d), there are three requirements for filing a notice of removal: a party must file a notice in federal court, file a notice in state court, and provide notice to adverse parties. According to 1446(d), filing the notice in state court makes the removal effective.

3

ii.    **28 U.S.C. 1452**

Section 1452 further explains how state court claims are removed to the bankruptcy court.  "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).[3]  "Under federal law, a 'party' to an action is someone who has been named in the complaint and served." *In re Mission Bay Ski & Bike, Inc.*, No. 07 A 1045, 2007 WL 4390331, at *1 (Bankr. N.D. Ill. Dec. 14, 2007) (citing *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005)).

Seaver is the plaintiff in this case, and while "it is generally assumed that . . . section 1441[4] . . . permits removal only by defendants" *Univ. of Chicago Hosp. & Med. Ctr. v. Rivers*, 701 F. Supp. 647, 650 (N.D. Ill. 1988), the Supreme Court has recognized that "Congress has clearly extended the reach of the statute to include parties other than the original defendant. For instance, § 1452(a) permits '[a] party' in a civil action to 'remove any claim or cause of action' over which a federal court would have bankruptcy jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442, 139 (2019).  As plaintiff in this action, Seaver had the statutory authority to remove its case.

B.  **Rule 9027 of the Federal Rules of Bankruptcy Procedure.**

Rule 9027 of the Federal Rules of Bankruptcy Procedure outlines the procedure a party must follow to properly remove a case to the bankruptcy court and largely mirrors the

---

[3] "The District Court for the Northern District of Illinois has referred the bankruptcy cases filed therein to the Bankruptcy Court for the Northern District of Illinois." *In re Blackrock Burr Ridge, Inc.*, 663 B.R. 877, 882 (Bankr. N.D. Ill. 2024) (citing Northern District of Illinois Operating Procedure 15(a)).

[4] "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a).

4

language in 28 U.S.C. 1446.  The "notice of removal must be filed with the clerk for the district and division where the state or federal civil action is pending." Fed. R. Bankr. P. 9027(a).  Rule 9027(b) further states, "A party filing a notice of removal must promptly: (1) serve a copy on all other parties to the removed claim or cause of action; and (2) file a copy with the clerk of the court from which it was removed." Fed. R. Bankr. P. 9027(b)(1)-(2).  Under Rule 9027(c), "Removal becomes effective when the notice is filed under (b)(2)." Fed. R. Bankr. P. 9027(c).  Thus, removal is not effective until the notice is *also* filed in the state court and with the other parties.

Crucially, Rule 9027(a)(3) explains the timing for a notice of removal and states, "a party filing a notice of removal must do so within the shorter of these periods: (A) 30 days after receiving . . . the initial pleading setting forth the claim or cause of action sought to be removed; or (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons." Fed. R. Bankr. P. 9027(a)(3)(A)-(B).[5]  Importantly, Title 28 and FRBP 9027 do not specify whether a party must file first in the federal court or the state court—but requires that each of the three requirements must be met.

### C. Courts are split on when removal becomes effective.

Neither party's arguments adequately captured the issue before the court.  The primary issue is what the requirements are for removal to be effective.  Neither party provides instructive case law, and the court's own research reveals a circuit split that the

---

[5] Rule 9027(a) also mirrors the language from 1446.  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Seventh Circuit has yet to address.[6]  As explained below, removal is effective when all three requirements have been completed no matter in which order they take place.

The Eighth Circuit succinctly explains the divide among courts, stating that some "courts hold that removal is effected by filing a copy of the notice of removal in the state court.  Some . . . have held that removal is effected . . . by filing the notice of removal in the federal court.  [Others] have held that the state and federal courts have concurrent jurisdiction until the notice of removal is filed with the state court." *Anthony v. Runyon*, 76 F.3d 210, 213–14 (8th Cir. 1996).  In other words, most circuits find that "Section 1446(d) contains three procedural elements—(1) filing notice with federal court, (2) providing written notice to all adverse parties, and (3) filing notice with the state court—and that defendants must satisfy all three elements for removal to take effect."[7] *See Browning v. Am. Fam. Mut. Ins. Co.*, 396 F. App'x 496, 505 (10th Cir. 2010) ("Under 28 U.S.C. § 1446(d) removal is effected by the defendant's taking three procedural steps: filing a notice of removal in federal court, giving prompt written notice to adverse parties and filing a copy of the notice in state court."); *Resol. Tr. Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993) ("28 U.S.C. § 1446(d) requires that a notice of removal be filed promptly with the state court.  The requirement of notice to the state court is an important part of the removal process and has been held necessary to terminate the state court's jurisdiction."); *U.S. ex rel. Echevarria v. Silberglitt*, 441 F.2d 225 (2d Cir. 1971) (holding that removal was effective when petitioner mailed request to District Court and subsequently handed notice to state court judge and asked

---

[6] "The Seventh Circuit has not addressed whether removal is effected simply by filing notice of removal in the federal court or if removal is not effected until such notice is also filed in the state court." *Snyder v. Wal-Mart Stores, Inc.*, No. 18 C 583, 2018 WL 1586246, at *2 (N.D. Ill. Apr. 2, 2018).

[7] *Snyder v. Wal-Mart Stores, Inc.*, No. 18 C 583, 2018 WL 1586246, at *2–3 (N.D. Ill. Apr. 2, 2018) *and see Hull v. Sunbeam Prods., Inc.*, No. 25-CV-11117, 2026 WL 1453821, at *5 (N.D. Ill. May 22, 2026).

guard to mail notice to district attorney); *Anthony*, 76 F.3d at 214 ("28 U.S.C. § 144 indicates quite specifically when removal is effected.  The statute states that '[p]romptly after the filing of such notice of removal [in the federal court] ... the defendant ... shall file a copy of the notice with the clerk of [the] State court, which shall effect the removal.'") (citation omitted); *Stephens v. Portal Boat Co.*, 781 F.2d 481, 482 n. 1 (5th Cir. 1986) ("[A] removal is not effective until notice is given to the state court.").

Several courts within the Seventh Circuit have also stated that all three requirements must be met for removal to be effective. *See Jeffery v. Cross Country Bank*, 131 F. Supp. 2d 1067, 1069 (E.D. Wis. 2001) ("Under 28 U.S.C. § 1446(d) removal is effected by the defendant's taking three procedural steps: filing a notice of removal in federal court, giving prompt written notice to adverse parties and filing a copy of the notice in state court."); *Neurology & Pain Mgmt. Assocs., P.C. v. Bunin*, No. 16 C 2856, 2017 WL 82512, at *3 (S.D. Ind. Jan. 10, 2017) ("'Promptly after the filing of [the] notice of removal,' the defendant seeking removal must also provide written notice of the removal to all adverse parties and 'shall file a copy of the notice [of removal] with the clerk of such State court' in order to give effect to the removal."); *Zeglis v. Sutton*, 980 F. Supp. 958, 961 (N.D. Ill. 1997) ("Removal is effective when the notice of removal is filed in state court.").

At least one circuit has held that the state and federal court both have jurisdiction if there is a gap between the notice being filed in federal court and being filed in state court. *See Berberian v. Gibney*, 514 F.2d 790, 792 (1st Cir. 1975) ("[J]urisdiction of the federal court attaches as soon as the petition for removal is filed with it and . . . both state and federal courts have jurisdiction until the process of removal is completed.")

Finally, some courts hold that removal is effective when filed in federal court within 30 days. *See In re Reliance Standard Life Ins. Co.*, 386 F. Supp. 3d 505, 508 n. 8 (E.D. Pa. 2019) ("[C]ourts within this District have repeatedly held that filing notice to the state court within one month after removal in federal court may be considered 'prompt,' as required by § 1446."); *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 247–48 (S.D.N.Y. 2000) (holding that notice of removal given to state court one month after notice in federal court was harmless defect); *Barrett v. S. Ry. Co.*, 68 F.R.D. 413, 419-20 (D.S.C. 1975) (holding that removal is effective when filed in federal court).

The most recent amendments to Section 1446 were in 2011. H.R., 112th Cong. (1st Sess. 2011).  At the time of those amendments, the American Law Institute (ALI) proposed a rule clarifying the requirements for removal (and in which order).  The ALI proposed that the removing party must first file in federal court, then file that notice of removal in state court with evidence that it was filed in federal court, serve notice on all parties, and, finally, file a certificate attesting to this notice. American Law Institute, *Federal Judicial Code Revision Project,* Part III, Removal, 339-40 (2004).   Wright & Miller note, however, "[t]his proposal was not adopted when the removal statute was amended in 2011, so that the confusion about precisely when removal is effective remains." § 3736 Procedure for Removal—When Removal is Effective; Further Proceedings in State Court, 14C Fed. Prac. & Proc. Juris. § 3736 (Rev. 4th ed.)

Disappointingly, the parties have not cited any of the above caselaw or presented arguments resolving the circuit split.  While the issue of when a notice of removal is timely filed is not as black and white as both parties would have this court believe, this court finds that removal is effective when the removing party has completed the three steps outlined in

28 U.S.C 1446 and Rule 9027—file the notice of removal in federal court, file the notice of removal in state court, and serve the notice of removal on the other parties. Despite the circuit split, "the sounder rule, and the one most consistent with the language of Section 1446(d) of Title 28, is that removal is not effective until the defendant has taken all the steps required by the federal statute." § 3736 Procedure for Removal—When Removal is Effective; Further Proceedings in State Court, 14C Fed. Prac. & Proc. Juris. § 3736 (Rev. 4th ed.). Filing notice in the federal court with a copy of the relevant pleadings is imperative but alone does not trigger removal under Rule 9027(c).

### D. Seaver's Notice of Removal was timely.

The timing of the notice of removal under Section1446 and Rule 9027 is crucial. Rule 9027 requires the removing party to file its notice of removal "within the shorter of these periods: 30 days after receiving . . . the initial pleading setting forth the claim or cause of action sought to be removed; or 30 days after receiving the summons if the initial pleading has been filed but not served with the summons." Fed. Bankr. R. Pro. 9027(a)(3). Similarly, 1446(b) states the removing party must file the notice of removal "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). The time from which this court is required to begin counting the 30 days is *when the opposing party receives the complaint or summons*.[8]

---

[8] *See Univ. of Cincinnati v. Benz Eng'g Co.*, No. 1:08-CV-654, 2008 WL 5378352, at *1 (S.D. Ohio Dec. 22, 2008) (party filed complaint on August 19, defendant was served on August 22, notice of removal was filed in state court on September 22, and in federal court on September 23, which was untimely).

9

Surprisingly, *neither party* has told this court *when* the Guarantors were served. While the complaint was filed in DuPage County on February 9, 2026, neither party provided evidence for when that complaint was served. The only summons furnished to the court is unsigned. The court must assume that service took place sometime after February 9, 2026 because Seaver included a blank Summons Return for each Guarantor dated February 10, 2026 when it filed its Notice of Removal in the bankruptcy court. (Dkt 1). The court cannot possibly know when to begin calculating the 30 days without evidence of service.[9]

From the briefing, it appears that both parties erroneously believe the 30 days begin when the complaint is filed in the state court. The Guarantors argue, "Plaintiff only had 30 days from the filing of the Complaint in the State Court Action to file a notice of removal." (Motion for Remand, Dkt. 13). Similarly, Seaver argues, "On March 11, 2026, Seaver filed its Notice of Removal in . . . DuPage County . . . where the State Court Action was pending. The Complaint was filed on February 9, 2026. Therefore, the Notice of Removal was timely filed within 30 days of the filing of the Complaint." Both parties not only misread Rule 9027 but also failed to provide any evidence of when the Guarantors were served. Without evidence of service, the court can only assume the Guarantors were properly served because they never argued that they were not. If they were not, they have waived the argument by failing to raise it. *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053 (7th Cir. 2019) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court.").[10]

---

[9] Because Illinois state court complaints are served via personal service, the court assumes that service was not immediate and that if either party thought this was dispositive, proof of service of the summons would have been provided. *See* 735 ILCS 5/2-203.

[10] *See also G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *United States v. Frazier*, 710 F. App'x 251, 252 (7th Cir. 2018) ("We will find an argument waived if a party *knowingly* decided not to raise an

Additionally, neither party correctly explains when removal is effective. Rule 9027(a) requires that the notice be filed "with the clerk for the district and division where the state or federal civil action is pending." Fed. R. Bankr. P. 9027(a). Seaver argues that this means the notice must be filed where the action is pending, which in this case is the state court. (Dkt. 18 at 2). On the other hand, the Guarantors argue that because "'clerk' is defined under the bankruptcy code as 'a bankruptcy clerk if one has been appointed; otherwise, it means the district-court clerk,'"[11] Seaver should have filed with the bankruptcy court within the 30 days. (Dkt. 19 at 3). Both parties are incorrect. As stated, three requirements must be met to effect removal—the removing party must file its notice of removal in federal court *and* state court and provide notice to the other parties. The court is unable to find any suggestion in Title 28 or the Federal Rules of Bankruptcy Procedure that suggests the proper order, and it is clear that when there was a suggestion that Section 1446 be changed, it was not.[12] No order of filing is provided in either Title 28 or Rule 9027, only that all three requirements must happen within the 30 days for removal to be effective.

This outcome makes sense because notice is perhaps the most important aspect of the judicial process. *Cosby v. Ward*, 843 F.2d 967, 982 (7th Cir. 1988) ("It is universally agreed that adequate notice lies at the heart of due process.") (quoting *Gray Panthers v. Schweiker,* 652 F.2d 146, 168 (D.C.Cir.1980)). Indeed, without notice, the bankruptcy court could not operate as "[n]otice is the cornerstone underpinning Bankruptcy Code procedure." *Schwinn Cycling & Fitness Inc. v. Benonis*, 217 B.R. 790, 797 (N.D. Ill. 1997); *see also In re*

---

argument as opposed to negligently failed to raise it."); *United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) (argument is waived if party fails to make it in reply brief).

[11] The Guarantors cite Fed. R. Bankr. 9001(b)(2).

[12] *See* § 3736 Procedure for Removal—When Removal is Effective; Further Proceedings in State Court, 14C Fed. Prac. & Proc. Juris. § 3736 (Rev. 4th ed.)

*Coburn*, No. 24-10657-7, 2024 WL 3466231, at *6 (Bankr. W.D. Wis. July 18, 2024) ("[N]otice to creditors and other parties in interest is essential to the operation of the bankruptcy system."). A state court *must* receive the notice of removal "so that it knows that it must stop. Until it receives notice, a state court has every reason to think that the case is still on the books . . . [consuming] judicial resources." *Hull v. Sunbeam Prods., Inc.*, No. 25-CV-11117, 2026 WL 1453821, at *7 (N.D. Ill. May 22, 2026). Conversely, if filing only in state court made removal effective, then a removing party could conceivably wait 31 days to file the notice of removal in federal court, making it impossible for a party to timely file a motion for remand under 28 U.S.C. 1447.

### E.   The Motion for Remand was not timely filed.

While the case law is unclear about when removal is timely, the Supreme Court makes clear that a motion to remand must be filed within 30 days of the notice of removal. "After a case is removed, any motion to remand the case to state court must be filed within 30 days of the notice of removal [under] § 1447(c)." *Enbridge Energy, LP v. Nessel on behalf of Michigan*, 146 S. Ct. 1074, 1080 (2026); *and see Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (holding that if "the removal took place after relevant time limits had expired . . . there must be a motion to remand filed no later than 30 days after the filing of the removal notice.").[13]   The Guarantors waited until May 12, 2026 to file their Motion for

---

[13] The Guarantors cite *Tippins v. NWI-1, Inc.*, No. 20-1386, 2020 WL 8024739, 2020 U.S. App. LEXIS 28042, at *2-*3 (6th Cir. Sept. 2, 2020) for the proposition "that Section 1446 is 'inapplicable [where] [a] complaint was removed pursuant to 28 U.S.C. § 1452(a) as an action related to a bankruptcy proceeding, not pursuant to § 1441(a)." The Guarantors have clearly miscited the opinion. The opinion does not have anything to do with Section 1447 and is about a prisoner who untimely filed a notice of removal under 1452 and 1442, where the court found it had jurisdiction under 1442(a). The court will not address the arguments made about Section 1452. The *Tippins* court said, "Although [Prisoner Plaintiff] is correct that '[w]hen a civil action is removed solely under [28 U.S.C. §] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A), this provision is inapplicable because his complaint was removed pursuant to 28 U.S.C. § 1452(a) as an action related to a bankruptcy proceeding, not pursuant to § 1441(a). Accordingly, [Co-Defendant] did not need to consent to removal for jurisdiction to vest

12

Remand, a date beyond the 30-day window no matter whether this court starts counting the 30 days on March 11 or March 23. (Motion for Remand, Dkt. 13). "Such defects are waived if a party does not bring a timely motion to remand the case to state court." *Pettitt v. Boeing Co.*, 606 F.3d 340 (7th Cir. 2010).[14] The Guarantors' Motion for Remand was clearly outside the timeliness parameters.

### F. This court has related to jurisdiction.

Finally, the Guarantors argue that this court does not have jurisdiction to hear this case because it lacks subject matter jurisdiction, and, more specifically, that it lacks "related to" jurisdiction. (Motion to Remand, Dkt. 13). Citing *FedPak*,[15] they argue that this court lacks jurisdiction because the disposition of [Seaver's] claim will have no impact on the "amount of property for distribution" or the "allocation of property among creditors." (Motion to Remand, Dkt. 13 at 12). On the other hand, Seaver argues that this court does have related to jurisdiction because disposition of its claims could conceivably have an impact on distribution in the bankruptcy case. Seaver cites *Bush v. United States*, stating it holds that "a matter comes within the related-to jurisdiction if it could conceivably have any effect on the estate being administered in bankruptcy." *Bush v. United States*, 100 F.4th 807, 813 (7th Cir. 2024).

---

in the district court." *Tippins v. NWI-1, Inc.*, 2020 U.S. App. LEXIS 28042, *2-3 (6th Cir. Sept. 2, 2020). Lexis incorrectly cross-referenced a different order, published on the same day, in the same case on Westlaw. *Tippins v. NWI-1, Inc.*, No. 16-2630, 2020 WL 8024739 (6th Cir. Sept. 2, 2020).

[14] This court granted the Guarantors' motion to extend the time to answer or otherwise plead, and it may be that the Guarantors believed this extended the time to file the Motion for Remand. It did not. Section 1447(c) is clear that a party has 30 days to file a motion for remand after notice of removal. "[A]fter the 30 days have expired a district judge may not remand on its own motion for non-jurisdictional problems . . . The 30-day limit serves a function similar to § 1447(d)-it prevents shuttling of cases between state and federal court, and it prevents extended litigation that does no more than determine where litigation shall proceed. Procedural issues must be resolved quickly or not at all." *Matter of Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994).

[15] "Our precedents hold that [a] case is 'related' to a bankruptcy when the dispute affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors." *Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996).

The Seventh Circuit has long held that bankruptcy courts have, "jurisdiction . . . when the dispute is 'related to' the bankruptcy—meaning that it affects the amount of property available for distribution or the allocation of property among creditors." *Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987).[16]   Following *Xonics*, courts in this circuit have held that a bankruptcy court has jurisdiction over one non-debtor's action for damages against another non-debtor "when the non-debtor plaintiff is a creditor in the bankruptcy case and recovery in the action will reduce its claim against the bankruptcy estate.  Reduction of the creditor's claim leaves more estate property for other creditors and so affects the amount of property for distribution." *In re Mission Bay Ski & Bike, Inc.*, 398 B.R. 250, 253 (Bankr. N.D. Ill. 2008).

While the Guarantors are correct that bankruptcy courts do not have jurisdiction over "proceedings that have no effect on the estate of the debtor" *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995), disposition of Seaver's claim is likely to impact the amount available for other creditors.  Should Seaver recover on its claim against the Guarantors for breach of the guaranty, contract, and misuse of funds, it may affect the amount of property available to other creditors of the Fuller Service Center estate.

## CONCLUSION

The Notice of Removal was timely filed, and this court has related to jurisdiction. Additionally, the Guarantors' Motion for Remand was filed too late.  The Motion for Remand

---

[16] Seaver relies upon *Bush* for this argument, but this court notes that *Bush* dealt with whether related to jurisdiction should be viewed *ex post* or *ex ante*.  In agreeing with nine sister circuits that *ex ante* is the right perspective, the Seventh Circuit explicitly stated, "This does not imply an overruling or even a modification of circuit precedent." *Bush v. United States*, 100 F.4th at 813.  It went on to say it was only addressing the issue of *ex post* or *ex ante*.

14

is denied; the case will remain in this court.  The Guarantors must answer or otherwise plead

on or before September 1, 2026.  A status will be set for September 8, 2026 at 9:30 a.m.

Dated: August 7, 2026

Honorable Deborah L. Thorne
United States Bankruptcy Judge

15